ISAAC WELLS, PLAINTIFF, v. JOHN M. STEARNS, TRUSTEE UNDER WILL OF GEORGE WELLS, DECEASED, DEFENDANT.

*Will — effect of a decree admitting it to probate — the correctness of the adjudication is only reviewable on appeal.*

The will, together with a codicil thereto, of the plaintiff's father was duly proved and admitted to probate on October 19, 1854. As so proved and admitted to probate it contained a clause, written below the signatures of the testator and of the witnesses to the codicil, which changed an absolute estate given to the plaintiff by the will to a trust estate for his life. After more than thirty years had elapsed from the probate of the will, during which the trust estate had been treated as validly created, the plaintiff brought this action to recover the possession of the property free from the trust.

*Held,* that as the adjudication that the said clause formed a part of the will, under which it was admitted to probate, had not been appealed from, it became the law of this case and prevented the plaintiff from maintaining the action.

CONTROVERSY submitted upon an agreed statement of facts.

The plaintiff sought to recover a share of his father's estate which he claimed was given to him by his will. The will and a codicil thereto, dated respectively November 5, 1849, and April 13, 1853, were duly proved and admitted to probate by the surrogate of the county of New York on October 19, 1854.

*J. Milton Stearns, Jr.,* for the plaintiff.

*John M. Stearns,* defendant in person.

BARNARD, P. J. :

George Wells the father of the plaintiff died in 1854. He left a last will and codicil thereto. By the will he gave to the plaintiff one-fifth of his property after the termination of a life estate therein to his widow. The gift included both real and personal property. After the signature of the testator and the attestation clause, and after the signatures of the witnesses, there is written under this codicil this writing: " A. I also do direct and it is my will that so much of my property as I had given to my son Isaac Wells, be held in trust by my son John B. Wells, my sole executor, to be by him invested and reinvested and apply the profits and income thereof to the use of my said son Isaac during his natural life, and after his

decease to transfer and pay over the same to his next of kin and heirs-at-law." This clause only reduces the absolute gift in the will to a life estate to be held in trust by the executor John M. Stearns as the present trustee of the fund. The plaintiff now claims from him the present payment of the sum, upon the ground that the part of the codicil written after the signature of the testator forms no part of the will of deceased. We think he is not entitled to receive it. The will proven included this writing as part of it, and if the adjudication was erroneous it became without an appeal the law of the case even if it be not the law of the land.

The plaintiff was notified of the probate and did not appear. He took no appeal and for over thirty years the trust has been acted upon as good and valid. It cannot now be assailed collaterally upon the ground that the decision was wrong in respect to the portion of the paper now disputed.

Judgment for defendant, upon submitted case, without costs.

DYKMAN and PRATT, JJ., concurred.

Judgment for defendant, upon submitted case, without costs.